1  WILLIAM N. KAMMER [SBN 53848]
   wkammer@swsslaw.com
2  L. GEOFFREY LEE [SBN 234024]
   glee@swsslaw.com
3  SOLOMON WARD SEIDENWURM & SMITH, LLP
   401 B Street, Suite 1200
4  San Diego, California 92101
   Telephone: (619) 231-0303
5  Facsimile: (619) 231-4755

6  Attorneys for Defendant
   McMahan Furniture Company
7

8               UNITED STATES DISTRICT COURT

9               SOUTHERN DISTRICT OF CALIFORNIA

10

11 AMERICAN INTERNATIONAL SPECIALTY    CASE NO. 07 CV 2377-JLS-POR
   LINES INSURANCE COMPANY,
12
                Plaintiff,
13                                      ANSWER OF McMAHAN FURNITURE
   v.                                   COMPANY TO COMPLAINT
14
   HEILIG-MEYERS COMPANY, a Virginia
15 Corporation; McMAHAN FURNITURE
   COMPANY, a California Corporation; and
16 DOES 1 through 10, inclusive,

17              Defendants.

18

19      Defendant McMAHAN FURNITURE COMPANY ("McMAHAN") answers the

20 complaint of AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY:

21      Pursuant to Federal Rule of Civil Procedure 8, as to those allegations of the Complaint

22 that McMAHAN denies "for lack of information or belief," McMAHAN has no information

23 or belief upon the subject sufficient to enable it to answer those allegations and therefore

24 denies the allegations on that ground.  Each and every paragraph of this Answer corresponds

25 to the same numbered paragraph of the Complaint.

26 ///

27 ///

28

## ANSWER

1. McMAHAN alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1.

2. McMAHAN alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2.

3. McMAHAN admits the allegations contained in paragraph 3.

4. McMAHAN alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4.

5. McMAHAN alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5.

6. Paragraph 6 of plaintiff's Complaint contains conclusions of law which require no response. To the extent that the paragraph contains factual allegations, McMAHAN denies each allegation.

7. Paragraph 7 of plaintiff's Complaint contains conclusions of law which require no response.

8. Paragraph 8 of plaintiff's Complaint contains conclusions of law which require no response.

9. Paragraph 9 of plaintiff's Complaint contains conclusions of law which require no response.

10. McMAHAN alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10.

11. McMAHAN alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11.

12. McMAHAN alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12.

13. McMAHAN alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13.

14. McMAHAN alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14.

15. McMAHAN alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15.

16. McMAHAN denies the allegations contained in paragraph 16 except that it admits that it once had an ownership interest in property on El Cajon Boulevard and operated a business there.

17. McMAHAN denies the allegations of paragraph 17 except as follows: McMAHAN alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Heilig-Meyers.

18. McMAHAN denies the allegations of paragraph 18 except as follows: McMAHAN lacks sufficient information or belief to answer the allegations of paragraph 18 pertaining to defendant Heilig-Meyers Company, and on that ground denies each and every allegation.

19. McMAHAN alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19.

20. McMAHAN alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20.

### FIRST CLAIM

**(For Recovery of Response Costs to Pursuant to CERCLA § 107(a))**

21. McMAHAN incorporates by reference its responses to paragraphs 1 through 20.

22. McMAHAN admits the allegation contained in paragraph 22.

23. McMAHAN denies the allegations contained in paragraph 23.

24. McMAHAN denies the allegations contained in paragraph 24.

25. McMAHAN denies the allegations contained in paragraph 25.

26. McMAHAN denies the allegations contained in paragraph 26.

27. McMAHAN alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27.

28. McMAHAN denies the allegations contained in paragraph 28.

## SECOND CLAIM

### (For Response Costs Pursuant to California Hazardous Substances Account Act)

29. McMAHAN incorporates by reference its responses to paragraphs 1 through 28.

30. McMAHAN denies the allegations contained in paragraph 30.

31. McMAHAN alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31.

32. McMAHAN alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32.

33. McMAHAN denies the allegations contained in paragraph 33.

## THIRD CLAIM

### (For Equitable Indemnity)

34. McMAHAN incorporates by reference its responses to paragraphs 1 through 33.

35. McMAHAN denies the allegations contained in paragraph 35.

## FOURTH CLAIM

### (For Continuing Nuisance)

36. McMAHAN incorporates by reference its responses to paragraphs 1 through 35.

37. McMAHAN denies the allegations contained in paragraph 37.

38. McMAHAN denies the allegations contained in paragraph 38.

39. McMAHAN denies the allegations contained in paragraph 39.

40. McMAHAN denies the allegations contained in paragraph 40.

///

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Claim)

41. The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

#### (Unclean Hands)

42. Plaintiff and its insured engaged in conduct and activities sufficient to bring plaintiff within the application of the doctrine of unclean hands and, therefore, plaintiff is entitled to no damages or relief against McMAHAN in this action.

### THIRD AFFIRMATIVE DEFENSE

#### (Waiver)

43. Plaintiff and its insured by their own acts and omissions performed in connection with the subject matter of this action waived any and all claims against McMAHAN.

### FOURTH AFFIRMATIVE DEFENSE

#### (Contributory Negligence)

44. Plaintiff and its insured did not exercise due care, caution, or circumspection, for themselves, but on the contrary carelessly and negligently conducted themselves. Had the plaintiff and its insured exercised due care and caution and circumspection, or any care, caution, or circumspection, plaintiff's alleged injuries and damages, if any, would have been avoided. Therefore, the alleged injuries and damages sustained by the plaintiff and its insured, if any, were directly and proximately caused by their own carelessness and negligence.

### FIFTH AFFIRMATIVE DEFENSE

#### (Act of God)

45. McMAHAN is informed and believes that the release or threats of release of hazardous substances alleged in the Complaint, if found to exist, and any costs of damages resulting therefrom, were caused solely or in part by an act of God.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

46. Plaintiff and its insured are barred from any recovery because of their failure to act promptly and expeditiously to mitigate the damages, if any.

## SEVENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

47. McMAHAN is informed and believes and on that basis alleges that the causes of action set forth in the Complaint are barred by the applicable statutes of limitation.

## EIGHTH AFFIRMATIVE DEFENSE

### (Estoppel)

48. McMAHAN alleges on information and belief that plaintiff and its insured are estopped from making the claims set forth in the Complaint due to their own acts, conduct and/or omissions.

## NINTH AFFIRMATIVE DEFENSE

### (Laches)

49. Plaintiff has delayed for an unreasonable period of time in asserting its claims and that delay has prejudiced McMAHAN.

## TENTH AFFIRMATIVE DEFENSE

### (*In Pari Delicto*)

50. Plaintiff is barred from any recovery or relief against McMAHAN under the doctrine of *in pari delicto*.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

51. Plaintiff and its insured knew, or in the exercise of ordinary care should have known, of the risk of the injuries or damages alleged in the Complaint, if any, and nevertheless freely and voluntarily assumed the risk, which proximately contributed to and proximately cause plaintiff's injuries or damages, if any.

## TWELFTH AFFIRMATIVE DEFENSE

### (Act or Omission of Third Party)

52. Any damages of which plaintiff complains were caused solely by an act or omission of a third party other than an employee or agent of McMAHAN.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Due Process)

53. The Complaint, insofar as it claims to arise under CERCLA and the HSAA and apply to conduct before CERCLA and the HSSA's enactment, is barred on the ground that retroactive application of CERCLA and/or the HSSA would violate rights guaranteed defendant McMAHAN by the United States Constitution.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Standing)

54. Plaintiff is an improper party to this suit and has no standing to assert the claims described in the Complaint, or any other alleged claims.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Apportionment of Fault)

55. McMAHAN was not legally responsible in any fashion with respect to damages and injuries claimed by plaintiff in the Complaint. However, if McMAHAN is found to be legally responsible, then McMAHAN provisionally alleges that its legal responsibility is not the sole and proximate cause of the alleged occurrences and that the damages awarded to plaintiff, if any, are to be apportioned according to the respective fault and legal responsibility of all parties, persons, and entities, or the agents, servants, and employees who contributed to and/or caused those damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Preexisting Condition)

56. Any damages of which plaintiff complains were caused solely by an act or omission of a third party in possession of the Subject Property prior to McMAHAN. All

damages were thus a preexisting condition of which McMAHAN knew nothing.

### SEVENTEENTH AFFIRMATIVE DEFENSE

**(Proximate Cause)**

57. Any damages of which plaintiff complains were proximately caused by some other intervening or supervening force or event.

### EIGHTEENTH AFFIRMATIVE DEFENSE

**(Additional Affirmative Defenses)**

58. McMAHAN reserves the right to assert additional affirmative defenses in the event discovery or further analysis indicates that additional unknown or unstated affirmative defenses would be applicable.

### PRAYER

WHEREFORE, McMAHAN prays for judgment:

1. That plaintiff take nothing by way of its Complaint and that the Complaint be dismissed with prejudice;
2. That judgment be entered in favor of McMAHAN and against plaintiff;
3. That McMAHAN be awarded its costs of suit;
4. That McMAHAN be awarded its reasonable attorneys' fees; and
5. For other appropriate relief.

DATED: February 21, 2008         s/L. Geoffrey Lee
                                 Attorney for Defendant
                                 McMahan Furniture Company
                                 glee@swsslaw.com

WILLIAM N. KAMMER [SBN 53848]
wkammer@swsslaw.com
L. GEOFFREY LEE [SBN 234024]
glee@swsslaw.com
SOLOMON WARD SEIDENWURM & SMITH, LLP
401 B Street, Suite 1200
San Diego, California 92101
Telephone: (619) 231-0303
Facsimile: (619) 231-4755

Attorneys for Defendant McMahan Furniture Company

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>HELIG-MEYERS COMPANY, a Virginia Corporation; McMAHAN FURNITURE COMPANY, a California Corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 07 CV 2377-JLS-POR<br><br>**CERTIFICATE OF SERVICE** |

I, herby certify that on February 21, 2008, I electronically filed and served the following document(s):

**ANSWER OF McMAHAN FURNITURE COMPANY TO COMPLAINT**

with the Clerk of the United States District Court for the Southern District of California, using the CM/ECF System.

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case: NONE

### Manual Notice List

The following is the list of individuals who are not on the list to receive e-mail notices for this case (who therefore require manual noticing).

```
 1
 2   Richard A. Dongell, Esq.
     Thomas F. Vandenburg, Esq.
 3   Paul D. Rasmussen
     DONGELL LAWRENCE FINNEY LLP
 4   707 Wilshire Boulevard, 45th Floor
     Los Angeles, CA  90017-3609
 5   Tel. (213) 943-6100
     Fax (213) 943-6101
 6
 7       I declare under penalty of perjury under the laws of the United States of America that
     the foregoing is true and correct, and that I executed this Certificate of Service on
 8   February 21, 2008, at San Diego, California.
 9
                                                     [signature]
10                                                   Pamela Blanton
```